# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASSAN ALMAHMODI, a minor, by Mnshed Almahmodi, his guardian ad litem,<br><br>                      Plaintiff,<br>v.<br><br>CITY OF LA MESA, WALTER VASQUEZ, LA MESA-SPRING VALLEY SCHOOL DISTRICT, GINA MILLER and MANJARI KHANAL,<br><br>                      Defendants. | Case No.:  3:20-cv-2149-W-JLB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [DOC. 3]** |

      Defendants City of La Mesa and Walter Vasquez move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6).  Plaintiff opposes.

      The Court decides the matter on the papers submitted and without oral argument. Civ. L.R. 7.1(d.1).  For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion [Doc. 3].

## I. BACKGROUND[1]

Soon after being dropped off at Murray Manor Elementary School on the morning of August 29, 2019, eleven-year-old Hassan Almahmodi left his classroom in search of his mother. (*Compl.* ¶ 1.[2]) He had been allowed to leave the classroom and ultimately the school building, where he was being supervised by a special education teacher. (*Id.* ¶ 2, 16.) Hassan has been a special education student since pre-school due to his Down syndrome. (*Id.* ¶ 1.) Venturing through an open gate on the perimeter of the school, he eventually made his way to a public sidewalk where he sat down to wait for his parents. (*Id.* ¶ 17-18.)

When Hassan reached the public sidewalk, the school's staff called his parents and the La Mesa Police Department ("LMPD"). (*Compl.* ¶ 18.) Five police officers were dispatched to assist with him. (*Id.* ¶ 19.) When the officers arrived at the scene, Hassan was still on the sidewalk waiting for his parents. (*Id.*) The Complaint's allegations do not suggest he posed a threat of physical injury to anyone, including himself. (*Id.*) Nevertheless, the officers proceeded to handcuff him. (*Id.*) After being handcuffed, "[t]he LMPD officers held Hassan down on the curb … until his parents arrived. Hassan was terrified, crying for help." (*Id.* ¶ 20.) Upon arriving at the scene, Hassan's father insisted that his son be un-handcuffed. (*Id.* ¶ 21.) The officers did not comply, and instead left Hassan handcuffed. (*Id.*) After speaking to his father for some time, the officers removed the handcuffs. (*Id.*)

According to the Complaint, prior to this incident, Hassan was happy and outgoing, and was learning every day to be more independent. (*Compl.* ¶ 22.) He stopped wetting the bed and was exhibiting behavior typical of a child of his age and

---

[1] Throughout this order, parties and witnesses will be referred to by their last name. However, to avoid any confusion, where multiple parties or witnesses share the same last name, they will be referred to by their first name.

[2] The Complaint is attached to the Notice of Removal [Doc. 1] as Exhibit A [Doc. 1-1].

2

level of disability. (*Id.*) After the incident, Hassan's demeanor changed markedly. (See *Id.*) He became extremely anxious and afraid, and began wetting the bed. (*Id.*)

On August 27, 2020, Hassan filed a lawsuit in the San Diego Superior Court against the City of La Mesa ("the City") and LMPD Police Chief, Walter Vasquez, among others. As a minor, Hassan sues by his father and guardian, Mnshed Almahmodi, ad litem. (*Compl.* ¶ 5.) Hassan alleges five causes of action against Defendants for: (1) violating the Bane Act; (2) battery; (3) negligence; (4) negligent training and supervision; and (5) discrimination and/or failure to accommodate under Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act.

On November 3, 2020, Defendants removed the case to federal court. (*See Notice of Removal* [Doc. 1].) Defendants now seek to dismiss the causes of action under the Bane Act, battery, negligent training and supervision, and discrimination and/or failure to accommodate under the ADA and Rehabilitation Act. (*P&A* [Doc. 3] 3:17–11:9.) Hassan opposes the motion. (*See Opp'n*. [Doc. 5].)

## II.  LEGAL STANDARD

The Court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Balisteri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to raise a right to

3

3:20-cv-2149-W-JLB

relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007). The allegations in the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Well-pled allegations in the complaint are assumed true, but a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences. See Papasan v. Allain, 478 U.S. 265, 286 (1986); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

## III. DISCUSSION

### A. The Complaint's Factual Allegations Support a Bane Act Claim.

Hassan's first cause of action alleges a Bane Act violation based on the contention the officers' handcuffing of Hassan constituted excessive force and an unlawful detention under the California and United States Constitutions. (*Compl.* ¶ 26.) The Bane Act prohibits persons from interfering "by threats, intimidation, or coercion… with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of [California]…." Cal. Civ. Code § 52.1. Defendants argue the claim should be dismissed because Hassan fails to adequately allege: (1) a Constitutional violation; (2) that any LMPD officer specifically intended to violate Hassan's constitutional rights; and (3) vicarious liability against the City. (*P&A* 5:8–25.)

#### 1. Hassan adequately alleges a Fourth Amendment violation.

Defendants first argue the Complaint fails to adequately allege the officers violated Hassan's constitutional rights by using excessive force in handcuffing him. (*P&A* 5:8–

4

16.³) "The Fourth Amendment guarantees the right to be free from an arrest effectuated through excessive force." C.B. v. City of Sonora, 769 F.3d 1005, 1029 (9th Cir. 2014). Determining whether the force used is reasonable depends on the "facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham v. Connor, 490 U.S. 386, 396 (1989).

In City of Sonora, the Ninth Circuit sitting en banc considered whether police officers' handcuffing and removing an eleven-year-old student diagnosed with attention-deficit and hyperactive disorder from school grounds constituted excessive force. The child "was doing nothing more than sitting quietly and resolutely in the school playground." Id., 769 F.3d at 1010. The Court found the officers' "use of handcuffs on a calm, compliant, but nonresponsive 11-year-old child was unreasonable under the standard [set forth in Graham]." Id. at 1029.

Here, the Complaint alleges that five or more LMPD officers arrived at the scene to deal with Hassan, an eleven-year-old child diagnosed with Down syndrome who was simply sitting on the sidewalk waiting for his parents. (Compl. ¶ 1-2.) The officers proceeded to handcuff and subdue Hassan. (Id. ¶ 2.) There is no indication he possessed any weapons or was engaged in other self-injurious behavior with his hands or arms. (Id. ¶ 19.) In fact, there is nothing in the Complaint to suggest that Hassan was anything but calm, that he was a threat to himself or anyone present, or that he had resisted the arresting officers in any way.

Nevertheless, Defendants argue the allegations do not establish excessive force in *applying* the handcuffs because Hassan does not allege the handcuffs were "overly tight"

---

³ While Hassan's first cause of action asserts a violation of his constitutional rights due to both an unlawful detention and the use of excessive force by the arresting officers, Defendants do not challenge the unlawful detention assertion.

5

or that "the officers used any force beyond that necessary to keep plaintiff in handcuffs." (*P&A* 5:8–11.) While Defendants argue the manner in which the handcuffs were applied does not constitute excessive force, under City of Sonora, the fact that they were applied at all is sufficient to allege a constitutional violation under the circumstances pled in the Complaint.

For these reasons, the Court finds the Complaint's allegations are sufficient to support a violation of the Fourth Amendment.

### 2. **Hassan adequately alleges specific intent.**

Defendants next argue the Complaint fails to establish the arresting officers specifically acted to violate Hassan's constitutional rights.

A Bane Act plaintiff must show the defendant acted with specific intent to violate the plaintiff's protected rights. Reese v. City of Sacramento, 888 F.3d 1030, 1043 (9th Cir. 2018). However, it is not necessary for the defendants to have thought about their actions in constitutional terms at the time of the incident, "because a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights." Id at 1045 (quotation marks & citation omitted). The test for specific intent sets forth two requirements: first, the right at issue must be "clearly delineated and plainly applicable under the circumstances of the case"; second, the jury must make a factual determination of whether the defendant committed the act in question with the particular purpose of depriving the plaintiff of his protected rights. Cornell v. City & County of San Francisco, 17 Cal. App. 5th 766, 803 (2017).

The first element of the test – the "right at issue" – is clearly satisfied. City of Sonora establishes that "[i]t is beyond dispute that police officers cannot seize a schoolchild who they do not know to have committed any wrongdoing, who does not appear to pose any threat to himself or others, and who engages in no act of resistance the entire time the officers are present." City of Sonora, 769 F.3d at 1027. Thus, the

Complaint sufficiently alleges Hassan's clearly established Fourth Amendment rights were violated.

With respect to the second element, the jury must find the Defendants intended the force and its unreasonableness as "more than necessary under the circumstances." Reese, 888 F.3d at 1045. Viewing the facts in the light most favorable to the nonmoving party, it is reasonable to infer that a jury could conclude handcuffing Hassan was more than necessary under the circumstances.

For these reasons, the Court finds the Complaint's allegations are sufficient to support the specific intent requirement.

### 3.     Hassan adequately alleges vicarious liability.

Defendants next assert the inadequate pleading of a Bane Act violation precludes vicarious liability against the City. As set forth above, Hassan has adequately pled a Bane Act violation. Therefore, Defendants' argument lacks merit.

### B.     The Complaint's Factual Allegations Support a Battery Claim.

Hassan's second cause of action alleges battery based on the arresting officers' handcuffing and subduing Hassan. (*Compl.* ¶ 30-36.) In California, "to prevail on a claim of battery against a police officer, the plaintiff bears the burden of proving the officer used unreasonable force." Munoz v City of Union City, 120 Cal.App.4th 1077, 1102 (2004). State excessive force claims are analyzed under the Fourth Amendment's reasonableness standard established in Graham. Id. As discussed above, when accepting as true the facts set forth in the Complaint, the Court finds the allegations sufficient to support the assertion that handcuffing Hassan constituted unreasonable force under Graham. Therefore, Hassan has adequately pled his battery claim.

### C. The Complaint Adequately Pleads Facts to Establish a Claim for Negligent Training and Supervision.

Defendants argue the City cannot be held directly liable for negligent retention and supervision because it is a non-statutory cause of action. (*P&A* 8:12–17.) Additionally, relying on Munoz, 120 Cal.App.4th 1077, they appear to argue there can be no vicarious liability against either the City or Police Chief Vasquez. (*Id.* 8:17–28, 9:1-9.) Although the Court agrees the City cannot be held directly liable for negligent training and supervision, the City's second argument lacks merit for two reasons.

First, the flaw in the City's argument is its assumption that Hassan is alleging Chief Vasquez is vicariously liable for negligent training and supervision. But in his opposition, Hassan points out that he is alleging Vasquez is directly liable. (*Opp'n* 7:26–27.) In its reply, the City does not argue the Complaint fails to allege facts supporting a direct-liability claim against Chief Vasquez, instead it contends the direct-liability theory is "based on a 'special relationship,'" which the City also argues does not exist in this case. (*Reply* [Doc. 8] 4:11–6:19.) In the Court's view, the City is misconstruing Hassan's argument. The Complaint's allegations against Chief Vasquez are not based on a special relationship, but instead on the assertion that he had a duty to supervise and train the officers and breached that duty. (*See Compl.* ¶¶ 46, 48, 51.) Because Defendants do not challenge the sufficiency of those allegations, the Court assumes Hassan's direct liability theory is sufficiently pled.

Second, under California Government Code § 820(a), a public employee is liable for injuries caused by acts or omissions they commit within the scope of their employment. See also Eastburn v. Reg'l Fire Prot. Auth., 31 Cal.4th 1175, 1179 (2003). Additionally, § 815.2(a) "makes a public entity *vicariously* liable for its employee's negligent acts or omissions within the scope of employment." Id. at 1180. Munoz also recognizes that where an employee is identified and ultimately found negligent, the City can be held liable. Munoz, 120 Cal. App. 4th at 1113. Accordingly, Hassan's claim for negligent retention and supervision is adequately pled.

8

### D. The Complaint Does Not Plead Facts Adequate to Establish a Claim Under the ADA and Rehabilitation Act.

Hassan's fifth cause of action alleges a claim for discrimination and/or failure to accommodate under Title II of the ADA and Rehabilitation Act. (*Compl.* ¶ 53–55.) Title II of the ADA applies to arrests. Sheehan v. City & Cty. of San Francisco, 743 F.3d 1211, 1232 (9th Cir. 2014). "There is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act." Zukle v. Regents of Univ. of Cal., 166 F.3d 1041, 1045 n.11 (9th Cir. 1999).

To make a prima facie case under either the ADA or Rehabilitation Act, Hassan must show he: (1) is an individual with a disability; (2) is otherwise qualified to receive the benefit of LMPD's services, programs or activities; (3) was either excluded from participation in or denied the benefits of LMPD's services, programs or activities or was otherwise discriminated against by the LMPD; and (4) such exclusion, denial of benefits or discrimination was because of his disability. See Sheehan, 743 F.3d at 1232; Zukle, 166 F.3d at 1045.

Defendants' primary argument appears to be that the arresting officers were unaware that Hassan had Down syndrome. (*P&A* 11:1–2.) In opposition, Hassan contends Down syndrome carries clear physical markers that should have made the arresting officers aware of his disability. (*Opp'n*. 9:8–10.) However, Hassan fails to state that he has such physical markers and cites no support for the proposition that all individuals with Down syndrome have clear physical markers.[4] Since it is not reasonable to infer that all individuals with Down syndrome have clear physical markers, the Court

---

[4] The contrary appears to be true: "A few of the common physical traits of Down syndrome are: low muscle tone, small statute, an upward slant to the eyes, and a single deep crease across the center of the palm. **Every person with Down syndrome is a unique individual and may possess these characteristics to different degrees or not at all**[.]" *Down Syndrome Facts*, National Down Syndrome Society, https://www.ndss.org/about-down-syndrome/down-syndrome-facts/ (last visited Jun. 8, 2021) (emphasis added).

finds the Complaint fails to allege facts suggesting the arresting officers knew Hassan had a disability at the time of the encounter.[5] Accordingly, the Court will dismiss the cause of action with leave to amend.

IV. **CONCLUSION & ORDER**

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion [Doc. 3] **WITH LEAVE TO AMEND**. Plaintiffs' first amended complaint must be filed on or before **July 13, 2021**.

**IT IS SO ORDERED.**

Dated: June 22, 2021

Hon. Thomas J. Whelan
United States District Judge

---

[5] Id.