UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H.A., a minor, by Mnshed Almahmodi, his guardian ad litem,<br><br>                              Plaintiff,<br><br>v.<br><br>CITY OF LA MESA, et al.,<br><br>                              Defendants. | Case No.:  20-cv-02149-NLS<br><br>**ORDER GRANTING MOTION TO CONFIRM MINOR'S COMPROMISE**<br><br>**[ECF No. 54]** |

Before the Court is the parties' Joint Motion to Confirm Minor's Compromise. ECF No. 43.  On May 26, 2022, the Court approved the parties' request to consent to Magistrate Judge jurisdiction over the case.  ECF No. 58.  After due consideration, the Court **GRANTS** the Motion to Confirm Minor's Compromise.

**I.     BACKGROUND**

Plaintiff H.A., a minor, brings this lawsuit against Defendants arising from an incident at Murray Manor Elementary School on August 29, 2019.  ECF No. 27 at ¶ 22. Plaintiff's father, Mnshed Almahmodi, has been appointed as his guardian at litem.  ECF No. 54-1 at ¶ 4, Ex. 1.  Plaintiff, who has been diagnosed with Down's syndrome, was eleven years old at the time and a special-education student.  ECF No. 27 at ¶ 1.  Plaintiff alleges that he was permitted to leave the classroom of his teacher, Defendant Manjari

Khanal, that morning and exit the school building, without anyone from the school noticing. *Id.* at ¶ 23. Plaintiff alleges that he was stopped once he reached the sidewalk, but by that time, Defendant Gina Miller, who was the principal of the school, had called the La Mesa Police Department. *Id.* at ¶ 24.

Police officer defendants Matt Nicholass, David Willis, Danny Sandlin, Michael Willeford, and William Keys arrived at the scene. *Id.* at ¶ 25. Plaintiff alleges that they were notified that he was a special-needs student and exhibited common physical features of Downs Syndrome. *Id.* In addition, Plaintiff alleges that he had no weapons and did not pose any threat to himself or others. *Id.* at ¶ 26. Despite this, Plaintiff alleges that the officers physically subdued him and placed him in handcuffs, and kept him in them even after his father arrived. *Id.* at ¶¶ 26-28.

As a result of this incident, Plaintiff claimed to suffer physical injuries on his wrists from the handcuffing, which lasted two weeks. ECF No. 54. Plaintiff also claimed to suffer from emotional injuries, including being traumatized by the incident, feeling anxious, afraid, and unable to be alone, and developing a deep fear of police officers. ECF No. 27 at ¶ 29. These residual issues manifested in Plaintiff wetting his bed and being unable to sleep alone. *Id.*

After the incident, Plaintiff's primary care physician diagnosed him with an adjustment reaction from the incident and counseled psychotherapy for him. ECF No. 54-1 at ¶ 5. Plaintiff's father had to pay out of pocket for treatment which was not covered by insurance and had to take time off work to care for Plaintiff who could not be left alone. *Id.* at ¶ 6. Since the incident, many of Plaintiff's symptoms, such as bedwetting and sleeping alone, have improved, but he still suffers from an intense fear of police and was diagnosed by a child psychologist, Dr. Calvin Colarusso, with lasting impacts from the incident and has been recommended desensitization therapy. *Id.* at ¶ 7, 9-10, Ex. 2.

On January 19, 2022, Magistrate Judge Jill L. Burkhardt held a mandatory settlement conference and settled the case. ECF No. 52. The Court subsequently set a briefing schedule to confirm the minor's compromise. ECF No. 54. On March 9, 2022, the parties filed this instant motion and Magistrate Judge Nita L. Stormes was assigned to review the Minor's Compromise. ECF Nos. 54, 55.

## II.   LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Rule 17(c) provides that a district court "must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor . . . who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux*, 638 F.2d at 1181 (*quoting Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("Thus, a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian *ad litem*").

In this district, pursuant to Civil Local Rule 17.1, "[no] action by or on behalf of a minor . . . will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment. All settlements and compromises must be reviewed by a magistrate judge before any order of approval will issue." Civ. L. R. 17.1(a). In addition, any "[m]oney or property recovered by a minor or incompetent California resident by settlement or judgment must be paid and disbursed in accordance with California Probate Code Section 3600, *et seq.*" *Id.* (b)(1).

District courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181-82. "[T]he district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for the adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182. "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.*

## III. DISCUSSION

The parties have settled the case for a total of $103,750.00, apportioned between the defendants as follows:

| **Defendant** | **Amount** |
|---|---|
| City of La Mesa; Walter Vasquez; Matt Nicholass; David Willis; Danny Sandlin; Michael Willeford; William Keys | $70,000.00 |
| La Mesa-Spring Valley School District; Gina Miller; Manjari Khanal | $33,750.00 |

ECF No. 54 at 4-5. As required, the Court will evaluate the fairness of the amount and whether the attorney's fees portion of their settlement is appropriate.

### A. Proposed Settlement Amount

The parties propose that the settlement amount of $103,750.00, minus medical and legal fees, would go to Plaintiff, to be disbursed to Plaintiff's parents for his immediate care. First, expert medical expenses that have been incurred to evaluate and diagnose Plaintiff's injuries will be deducted from Plaintiff's settlement amount. ECF No. 54 at 5. Plaintiff includes a copy of Dr. Colarusso's invoice for $14,999.00 but Plaintiff's counsel

negotiated a discount, for a total of $12,599.00 to be deducted from the settlement amount for this medical expense. ECF No. 54-1 at ¶ 15, Ex. 4.  Second, legal expenses will be deducted from Plaintiff's settlement amount—these fees were paid for in advance by Plaintiff's counsel:

| Legal Expense | Amount |
| --- | --- |
| Court filing fees | $316.36 |
| Service of Process Fees | $699.31 |
| Investigator Fees | $2096.45 |
| Translator (Arabic) fees for ENE/CMC | $1435.00 |
| Medical Records Fee | $6.50 |
| Mileage Fees | $65.52 |
| Court report fees/deposition costs | $19972.61 |
| Police Practices Expert Fees | $7687.50 |
| Defense Expert Deposition Fees | $1475.00 |
| **Total:** | $33,754.25 |

ECF No. 54-1 at ¶ 17, Ex. 6.

As to the manner of distribution, the parties propose that the settlement amount available to Plaintiff be disbursed to his parents, to be held and used in his best interests, as determined in the sound discretion of his parents. ECF No. 54 at 7.  Plaintiff contends that given Plaintiff's diagnosis and prognosis, immediate access to the funds would benefit him in receiving needed treatment and caregivers. *Id.*  In addition, even as Plaintiff moves into adulthood, his parents will remain responsible for his care. *Id.*

The Court finds that the total amount of the settlement and reimbursement of the medical and legal expenses to be fair and equitable under the circumstances.  In addition, the Court finds that the manner of distribution to be satisfactory in light of Plaintiff's diagnosis and dependency on his parents going forward.  Accordingly, the Court

approves of Plaintiff receiving $103,750.00 as the settlement amount, minus $12,599 in medical fees to Dr. Colarusso and $33,754.25 in legal costs/expenses.

### B. Attorney's Fees

Next, the Court turns to the issue of attorney's fees.  As to the minors, district courts in California apply California law to evaluate calculations of attorney's fees for minor plaintiffs.  *See A.G.A. v. Cty. of Riverside*, No. EDCV 19-00077-VAP (SPx), 2019 WL 2871160, at *3 (C.D. Cal. Apr. 26, 2019).  In the Southern District of California, Local Rule 17.1 states, "[n]o action by or on behalf of a minor . . . will be settled . . . without court order or judgement.  All settlements and compromises must be reviewed by a magistrate judge before any order of approval will issue."  CivLR 17.1.  The rule also states that "money or property recovered by a minor . . . by settlement or judgment must be paid and distributed in accordance with California Probate Code Section 3600, et seq."  *Id.*  California Probate Code Section 3601 requires courts to approve "reasonable expenses . . . including . . . attorney's fees."  Further, California Rules of Court 7.955 states that "[i]n all cases under . . . Probate Code sections 3600-3601, unless the court has approved the fee agreement in advance, the court must use a reasonable fee standard when approving and allowing the amount of attorney's fees payable from money or property paid or to be paid for the benefit of a minor or a person with a disability."  Cal. Rules of Court 7.955(a)(1); *see id.* 7.955(b) (listing factors to consider in determining reasonable fees).

Per Plaintiff's fee agreement with his counsel, counsel would be entitled to 40% of any recovery from the case, should it proceed past discovery.  ECF No. 54-1 at ¶ 16, Ex. 5.  However, Plaintiff's counsel states that he is seeking 30% of the gross settlement as attorney's fees.  *Id.*

After review, the Court agrees that the 30% fee is reasonable for this type of case and settlement result.  Accordingly, 30% of Plaintiff's recovery would be paid as attorney's fees, which equates to $31,125.00.

//

## IV. CONCLUSION

For the foregoing reasons as discussed above, the Court **APPROVES** the settlement agreement.

Consistent with the agreement, Plaintiff will receive $103,750.00 as the settlement amount, minus $12,599.00 in medical fees to Dr. Colarusso and $33,754.25 in legal costs/expenses. The Court also approves attorney's fees at 30% of Plaintiff's recovery, which equates to $31,125.00. In summary, the settlement proceeds will be distributed as follows:

| Item | Amount |
| --- | --- |
| Gross amount of settlement | $103,750.00 |
| Medical expenses to be paid from settlement | ($12,599.00) |
| Attorneys' fees to be paid from settlement | ($31,125.00) |
| Expenses (other than medical) to be paid from settlement | ($33,754.25) |
| **Net balance of proceeds for Plaintiff** | $26,271.75 |

The parties shall implement the settlement in accordance with the terms of the Agreement. In addition, the parties shall file a Joint Motion to Dismiss this action within 14 days after the date of this Order.[1]

**IT IS SO ORDERED.**

Dated: June 3, 2022

Hon. Nita L. Stormes
United States Magistrate Judge

---

[1] If the parties require more time to effectuate the settlement, they may request that the Court extend this deadline.